IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RANDALL JACKSON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY CRAWFORD, et al., )<br>Defendants. ) | Case No. 12-4018-CV-C-FJG |

## ORDER

Pending before the Court are (1) State Defendants' Motion to Dismiss (Doc. No. 52); (2) Defendant Vicki Salsbury's Motion to Dismiss (Doc. No. 59); (3) Plaintiff's Motion for Leave to File Surreply to Defendant Salsbury's Motion to Dismiss (Doc. No. 64); and (4) Motion for Leave to File Supplemental Authority in Opposition to the State's Motion to Dismiss (Doc. No. 66). As an initial matter, plaintiff's motions for leave to file surreply and supplemental authority (Doc. Nos. 64 and 66) will be **GRANTED**, and the Court will treat the proposed surreply and supplemental authority (Doc. Nos. 64-1 and 66-1) as properly filed. The Court considers the motions to dismiss, below.

**I.  Background**

Plaintiff filed the pending action on January 6, 2012. On April 9, 2012, the Court dismissed plaintiff's pro se complaint. On appeal, on March 28, 2014, the Eighth Circuit vacated the Court's order dismissing this case, and remanded for further consideration. Counsel entered an appearance on behalf of plaintiff on June 27, 2014. On August 15, 2014, plaintiff filed his First Amended Class Action Complaint (Doc. No. 42).

In his First Amended Class Action Complaint (Doc. No. 42), plaintiff alleges that he is an atheist inmate held at the Missouri Department of Corrections ("MDOC") from 2006 to 2008, and again from 2011 to the present date. (Doc. No. 42 at ¶¶ 26, 38, 50,

93, 105). Plaintiff was required to participate in substance abuse treatment programs provided by MDOC under the terms of his sentences for his convictions for driving while intoxicated. (Doc. No. 42 at ¶¶ 41, 42, 96, 97). In particular, these programs at the MDOC include Alcoholics Anonymous ("AA"), which requires its participants to recognize and rely upon a "Higher Power" to remedy their problems with alcohol. (Doc. No. 42 at ¶¶ 52-68, 151). Plaintiff objects to participating in these programs, as they are incompatible with his atheist beliefs. (Doc. No. 42 at ¶¶ 73-74, 107, 150). Plaintiff has also sought to list his religion as atheism on the facesheet to his prison file, but MDOC has denied this request, responding that atheism is a philosophy, not a religion. (Doc. No. 42 at ¶¶ 48, 129-130).

Plaintiff makes claims on behalf of himself and a putative class under both (1) 42 U.S.C. § 1983, through the First and Fourteenth Amendments to the United States Constitution; and (2) the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. For both, plaintiff claims that his and the putative class members' rights were violated by (1) not being allowed to declare atheism as their religion on their inmate facesheets; and (2) being forced to participate in substance abuse treatment programs that are based on a belief in a deity.

Defendants in this matter are (1) Douglas A. Worsham, the Supervisor of Religious/Spiritual Programming within the Division of Human Services for the MDOC; (2) Larry Crawford, the Director of the MDOC when plaintiff was incarcerated at MDOC's Western Reception, Diagnostic, and Correctional Center ("WRDCC") in St. Joseph, Missouri; (3) Martha V. Nolin, the Assistant Division Director, Substance Abuse Services in the Division of Offender Rehabilitative Services; (4) Alan Earls, Deputy Director of the Division of Adult Institutions; (5) Cyndi Prudden, Deputy Director,

2

Division of Adult Institutions; (6) Vicki Salsbury, Director of the Drug Rehabilitation Program at MDOC's WRDCC in St. Joseph, Missouri; (7) Isaac "Sonny" Collins, Warden at Maryville Treatment Center; (8) Gateway Foundation, Inc., also known as Gateway Foundations Correction, an Illinois corporation that has contracted with MDOC to design and operate MDOC's drug and alcohol rehabilitation programs; and (9) Dwayne Cummins, Gateway Foundation Corrections' Program Director at MDOC's Ozark Correctional Center ("OCC"). All except for Vicki Salsbury, Gateway Foundation, Inc., and Dwayne Cummins (who do not appear to be state employees or entities) are sued in their individual and official capacities.

Defendants George A. Lombardi, Douglas A. Worsham, Martha V. Nolin, Alan Earls, Cyndi Prudden, and Isaac "Sonny" Collins (collectively "State Defendants") move for dismissal of plaintiff's First Amended Class Action Complaint (Doc. No. 42) under Fed. R. Civ. P. 12(b) for failure to state a claim. State Defendants assert that (1) the statute of limitations bars all of plaintiff's claims; (2) sovereign immunity bars plaintiff's claims for monetary damages to the extent he is suing them in their official capacities; (3) plaintiff's Section 1983 claims against State Defendants in their official capacities are futile because they are not "persons" within the meaning of Section 1983; (4) plaintiff's RLUIPA claims against State Defendants in their individual capacities are futile because those individuals are not "governments" within the meaning of RLUIPA; (5) plaintiff's claims against Nolin, Earls, Prudden, and Collins fail because plaintiff has not sufficiently alleged their personal involvement in the events giving rise to his claims, nor has he alleged they approved a policy giving rise to his claims; (6) plaintiff's inability to declare atheism as his religion on his facesheet fails to state a claim because there is no evidence that this substantially burdened his ability to exercise his religion; and (7)

3

State Defendants are entitled to qualified immunity on plaintiff's Section 1983 claim that his inability to list his religion as atheism on his facesheet violates the Free Exercise Clause of the First Amendment.

Defendant Vicki Salsbury also moves to dismiss. Salsbury indicates that (1) the statute of limitations has lapsed on plaintiff's claims against her; and (2) because she is not a state employee, she cannot be liable under RLUIPA.

## II. Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

## III. State Defendants' Motion to Dismiss (Doc. No. 52)

4

State Defendants move to dismiss on numerous bases, listed above. In response to the State Defendants' motion to dismiss, plaintiff concedes that he cannot sue the State Defendants in their official capacities for monetary damages, and that he cannot sue the State Defendants in their individual capacities under RLUIPA. Therefore, those claims are **DISMISSED** as to the State Defendants. The Court turns to State Defendants' remaining arguments, all of which are contested by plaintiff.

A.  Statute of Limitations

The statute of limitations for plaintiff's Section 1983 claims is five years (the same as Missouri's statute of limitations for general personal injury torts). See Walker v. Barrett, 650 F.3d 1198, 1205 (8th Cir. 2011). The statute of limitations for plaintiff's RLUIPA claims is four years. Al-Amin v. Shear, 325 Fed. Appx. 190, 193 (4th Cir. 2009). For both Section 1983 and RLUIPA, the question of the accrual date of the cause of action is a question of federal law, and it not resolved by reference to state law. See Wallace v. Kato, 549 U.S. 384, 388 (2007). For both claims, under federal common law, accrual occurs "when the plaintiff has a complete and present cause of action." Wallace, 549 U.S. at 388.

State Defendants argue that the statute of limitations for all plaintiff's claims began to run no later than August 9, 2006, when he first complained about the contents of the AA program (see Doc. No. 42, ¶ 77), as at that point plaintiff was aware of the fact of his alleged injuries for purposes of Section 1983, and all facts were present at that time to form a cause of action under RLUIPA. State Defendants argue that the Section 1983 claim expired on August 9, 2011, and the RLUIPA claim on August 9, 2010. Plaintiff filed his initial complaint on January 6, 2012.

5

In response, plaintiff notes that State Defendants' motion does not refer to events that occurred after 2006. The First Amended Class Action Complaint pleads three separate occasions where plaintiff was ordered to attend substance abuse programs: in 2006 (Doc. No. 42 at ¶¶ 50-92), in 2011 (Doc. No. 42 at ¶¶ 105-136) and in 2013 (Doc. No. 42 at ¶¶ 143-160). The Court agrees with plaintiff that the State Defendants' alleged violations in 2011 and 2013 are new violations and are separate from the events in 2006. Therefore, those claims are well within the limitations period. Therefore, State Defendants' motion to dismiss as to the alleged violations in 2011 and 2013 is **DENIED.**

The Court now turns to plaintiff's claims related to the 2006 incident. In plaintiff's response, he argues that his claims did not accrue until he exhausted his administrative remedies. Plaintiff cites to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), for the proposition that no prisoner shall bring a Section 1983 action "until such administrative remedies as are available are exhausted." Plaintiff argues that his claims did not accrue until he exhausted his administrative remedies, arguing that he did not have a "complete and present" action until the date he could "file suit and obtain relief." See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp., 522 U.S. 192, 201 (1997). Plaintiff argues that he did not exhaust his available administrative remedies until February 9, 2007, the date when his grievance appeal was denied. See Doc. No. 42, ¶ 91. Plaintiff states that since he filed his suit on January 6, 2012, his Section 1983 claims are within the five year limitations period.

The Eighth Circuit has not spoken definitively on this issue. However, despite a searching review, the Court is unable to locate any case law that stands for the proposition that a prisoner's claims subject to the PLRA accrue on the date that the prisoner exhausts his administrative remedies. Instead, the relevant case law indicates

6

that a prisoner's cause of action accrues before his administrative remedies have been exhausted. See Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011); Braxton v. Zavaras, 614 F.3d 1156, 1159-60 (10th Cir. 2010); Starks v. Hollier, 295 Fed. Appx. 664, 665 (5th Cir. 2008); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001). Equitable tolling of the statute of limitations during the period in which plaintiff was exhausting his administrative remedies appears to be the only means to extend the statute of limitations so as to cover the events occurring in 2006. The determination of whether a statute of limitations is tolled in a Section 1983 action is made under the state law governing the analogous cause of action. Board of Regents of University of State of N.Y. v. Tomanio, 446 U.S. 478, 483-84 (1983); Montin v. Estate of Johnson, 636 F.3d 409, 413 (8th Cir. 2011) (applying Nebraska's statute regarding tolling for patients with mental disorders to Section 1983 action); Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001)(applying Arkansas' "saving statute" to prisoner's claims).

Under Missouri law, a "statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions." Rolwing v. Nestle Holdings, Inc., 437 S.W.3d 180, 184 (Mo. banc 2014) (quoting Shelter Mutual Ins. Co. v. Director of Revenue, 107 S.W.3d 919, 923 (Mo. banc 2003)). Additionally, Missouri courts have held that "[t]he doctrine of equitable tolling permits a plaintiff to toll a statute of limitations where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong

7

forum.'" Adams v. Division of Employment Sec., 353 S.W.3d 668, 673 (Mo. Ct. App. 2011)(quoting Ross v. Union Pac. R.R. Co., 906 S.W.2d 711, 713 (Mo. banc 1995)).

As noted by defendant Salsbury in her reply suggestions, plaintiff has not pled any exception where tolling is permitted under Missouri law, nor has he pled that he was "actively misled" or that he was "in some extraordinary way prevented [ ] from asserting his rights." In his surreply, plaintiff continues to argue that his claim accrued on the date he administratively exhausted his remedies, which is simply not correct under the law. Plaintiff also notes that some courts have found that Section 1983 prisoner claimants are entitled to equitable tolling while the prisoner exhausts his administrative remedies. See e.g. Gonzalez v. Hasty, 651 F.3d 318, 319 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Starks v. Hollier, 295 Fed. Appx. 664, 665 (5th Cir. 2008); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001). The Court finds, however, that the cases cited by plaintiff either (1) did not consider the Supreme Court's directive that courts refer to state law in examining tolling under Section 1983 (Gonzalez, 651 F.3d at 323; Brown, 422 F.3d 924-43); or (2) the courts in those cases interpreted state law where such tolling is allowed (Starks v. Hollier, 295 Fed. Appx. at 665 (citing Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001) (citing Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Circuit 1999) (noting that under both Texas and Louisiana law, the statute of limitations is tolled while a plaintiff exhausts available state administrative remedies))); Roberts, 484 F.3d at 1242-44 (applying New Mexico's tolling statute to prisoner's claims); Johnson, 272 F.3d at 521 (noting that Illinois' tolling provision applies to prisoner suits)). This Court is aware of no Missouri law that would apply to toll plaintiff's Section 1983 claim. Likewise, plaintiff has not pled that the State Defendants prevented him from filing his

8

lawsuit. Thus, equitable tolling does not save his lawsuit as related to the 2006 allegations.

Furthermore, although plaintiff alleges that his claims under Section 1983 and RLUIPA are timely under the continuing violation doctrine, this argument also fails. Under the continuing violation doctrine, the "wrong must be continuing or repeating. Damages resulting from one completed, wrongful act, although they may continue to develop, are not adequate." D'Arcy and Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P., 129 S.W.3d 25, 30 (Mo. Ct. App. 2004). Although State Defendants may have had an ongoing policy, as suggested by plaintiff, there is no continuing, repeating wrong asserted in this case. Plaintiff asserts State Defendants violated his rights under Section 1983 and RLUIPA in 2006. This was a discrete incident. Plaintiff was then released from prison in 2008, and asserts no other violations until he was incarcerated a second time. Under these facts, and given the extensive amount of time between alleged violations (including a period of release from prison), the Court cannot endorse the finding of a continuing violation sufficient to save plaintiff's claims related to actions taken in 2006.

Therefore, the Court finds that plaintiff's claims related to events in 2006 accrued in August 2006, and no tolling provision or continuing violation provision applies. State Defendants' motion to dismiss is **GRANTED** as related to actions taken in 2006, and plaintiff's Section 1983 and RLUIPA claims related to the 2006 events must be **DISMISSED**.

B.   Persons under Section 1983

State Defendants state that state actors sued in their official capacities are not "persons" within the meaning of Section 1983. Will v. Michigan Dept. of State Police,

9

491 U.S. 58, 71 (1989). Therefore, State Defendants argue that plaintiff cannot maintain his Section 1983 claims against them, and the Court should dismiss those claims with prejudice.

In response, plaintiff argues that he is not seeking monetary damages against the State Defendants in their official capacities; instead, he is seeking declaratory and injunctive relief as to those defendants under both Section 1983 and RLUIPA. Notably, the Supreme Court has found that individuals such as State Defendants are persons under Section 1983 when sued for injunctive relief in their official capacities. Will, 491 U.S. at 71, n. 10. See also Van Wyhe v. Reisch, 581 F.3d 639, 655 (8th Cir. 2009) (noting injunctive relief is available in official capacity RLUIPA claims). Plaintiff is also seeking damages as to the State Defendants in their individual capacities under Section 1983. See Hafer v. Melo, 502 U.S. 21, 30 (1991) (finding that state officials may be sued for damages in their individual capacities).

Accordingly, plaintiff's claims are **DISMISSED** to the extent he asserts claims for monetary damages against the State Defendants in their official capacities. State Defendants' motion to dismiss as it relates to (1) plaintiff's claims for monetary damages against State Defendants in their individual capacities, and (2) plaintiff's claims for declaratory and injunctive relief, is **DENIED**.

C.   Personal involvement of Nolin, Earls, Prudden, and Collins

State Defendants note that supervisors can "incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." Luckert v. Dodge County, 684 F.3d 808, 817 (8th Cir. 2012). State Defendants argue that defendants Nolin, Earls, Prudden, and Collins only denied grievances related to

10

plaintiff's complaints, and argue that "mere involvement in the grievance process is insufficient to establish personal liability under § 1983." Doc. No. 52, pp. 7-8 (citing Rowe v. Norris, 198 Fed. Appx. 579, 580 (8th Cir. 2006)).  State Defendants argue that plaintiff must also allege personal involvement to establish liability under RLUIPA. Greenberg v. Hill, No. 2:07-CV-1076, 2009 WL 890521 at *3 (S.D. Ohio, March 31, 2009).

In response, plaintiff distinguishes Rowe, noting that plaintiff Rowe alleged that inadequate medical care constituted cruel and unusual punishment, and sued a non-medically trained prison official for denying his grievance while that official relied on medical opinions. Rowe, 198 Fed. Appx. at 580. The Court dismissed the claims against the official, reasoning that "prison officials who lacked medical expertise were not liable for medical staff's diagnostic decision not to refer inmate to specialist." Id. (citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). Here, defendants Nolin, Earls, Prudden, and Collins did not rely on expert medical advice in denying plaintiff's grievances. Instead, plaintiff asserts that those defendants were involved in creating, applying, and interpreting the policies in question, and that involvement subjects defendants Nolin, Earls, Prudden, and Colins to liability. See Jackson v. Nixon, 747 F.3d 537, 543-44 (8th Cir. 2014) (reversing this Court's previous order dismissing plaintiff's case).

At this stage of the litigation, the Court finds that plaintiff has sufficiently alleged the personal involvement of defendants Nolin, Earls, Prudden, and Collins. Therefore, State Defendants' motion to dismiss on the basis of lack of personal involvement is **DENIED.**

### D. Inability to declare atheism as his religion as a substantially burden on plaintiff's ability to exercise his religion

State Defendants note that an inmate proceeding under both RLUIPA and the Free Exercise Clause of the First Amendment must demonstrate that the regulation in question imposes a "substantial burden on his ability to practice his religion." Atel v. United States Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008) (internal quotation marks omitted). See also Holt v. Hobbs, 135 S.Ct. 853 (Jan. 20, 2015) (same). RLUIPA provides even greater protection than Section 1983. See Holt, 135 S.Ct. at 853.

To demonstrate a substantial burden, plaintiff must demonstrate that the policy "must significantly inhibit or constrain [religious] conduct or [religious] expression . . . ; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." Van Wyhe v. Reisch, 581 F.3d 639, 656 (8th Cir. 2009) (internal quotation marks omitted). See also Holt, 135 S.Ct. at 853 (citing Burwell v. Hobby Lobby Stores, Inc., 573 U.S.___, ___, 134 S.Ct. 2751, 2775 (2014) (finding that plaintiffs must demonstrate the policy "demands that they engage in conduct that seriously violates their religious beliefs"). Once an inmate meets this standard, the burden shifts to defendants under the RLUIPA to put forth evidence showing that the restriction "was the least restrictive means to further a compelling interest." Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 988 (8th Cir. 2004). Under the First Amendment, the defendants' burden is less, and they need only show that the restriction is "reasonably related to legitimate penological objectives." Id. (internal quotations marks omitted).

State Defendants argue that plaintiff fails the first part of this test, in that he does not show his inability to list atheism as his religion on his facesheet substantially burdened his ability to exercise his religion. In response, plaintiff argues that State Defendants have inaccurately portrayed his claims, which go deeper than objecting to what is said on the facesheet. Instead, plaintiff argues that the religious preference listed on the prisoners' facesheet determines whether prisoners' religious beliefs are recognized or accommodated by staff. Plaintiff argues that the State's failure to include atheism or agnosticism on its Offender Religious Preference form as a protected religious belief, and its refusal to show that religious preference on the facesheets demonstrates that State Defendants have chosen to not recognize atheism and agnosticism as protected under the First Amendment and RLUIPA.

Plaintiff then notes that atheism has long been recognized as a protected category for purposes of First Amendment jurisprudence. Everson v. Board of Ed. of Ewing Twp., 330 U.S. 1, 18 (1947) (noting that the First Amendment requires the state to be neutral in its relations with both believers and non-believers). Additionally, "RLUIPA defines 'religious exercise' broadly as including 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" Native Am. Council of Tribes v. Weber, 750 F.3d 742, 749 (8th Cir. 2014) (quoting 42 U.S.C. § 2000cc–5(7)(A)). Plaintiff argues that the allegations of his complaint, at ¶¶ 129-136, demonstrate that the State Defendants used their argument that atheism is not recognized as a religion (and is instead a philosophy) as grounds for denying plaintiff's request for non-religious substance abuse treatment programs.

Upon consideration of the arguments raised by plaintiff in his response (to which State Defendants filed no reply), the Court finds that plaintiff has adequately alleged that

13

the inability to list atheism as his religion on his facesheet substantially burdened plaintiff's ability to exercise his religion. Therefore, State Defendants' motion to dismiss on this basis is **DENIED.**

E.   Qualified Immunity on Claim Regarding Facesheet

State Defendants note that state officials are entitled to qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order to survive a motion to dismiss based on qualified immunity, plaintiff must plead "sufficient facts which, when construed in the light most favorable to [him], show (1) the [official] violated a constitutional right and (2) the right was clearly established at the time of the violation." Montoya v. City of Flandreau, 669 F.3d 867, 872 (8th Cir.2012). "A right is 'clearly established' when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." Birkenholz v. Sluyter, 857 F.2d 1214, 1216 (8th Cir. 1988) (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Here, State Defendants argue that plaintiff has alleged no facts showing that his inability to list atheism as his religion substantially burdened his ability to practice his religion, and therefore, whether the right is clearly established or not, State Defendants are entitled to qualified immunity.

As the Court found previously, however, plaintiff has sufficiently alleged for purposes of this Rule 12(b)(6) motion that defendants' actions substantially burdened his ability to practice his religion. Furthermore, even though State Defendants provided no analysis as to whether this right was clearly established at the time of the alleged violation, plaintiff argues that there is no question that the State Defendants knew or should have known that atheism is protected under the First Amendment, given that the

14

Supreme Court found it to be so protected in the 1940s. Plaintiff also notes that plaintiff's grievances and letters sent to the State Defendants by attorneys representing plaintiff included citations to case law showing that atheism is protected under the First Amendment establishment and free exercise clauses, and therefore even if they State Defendants did not know in 2006 that atheism is protected under the First Amendment and RLUIPA, they knew or should have known that by the time of plaintiff's second rehabilitation program in 2011.

The Court finds that State Defendants have not demonstrated they are entitled to qualified immunity. State Defendants' motion to dismiss on the basis of qualified immunity is therefore **DENIED.**

## IV. Defendant Salsbury's Motion to Dismiss (Doc. No. 59)

Defendant Vicki Salsbury also moves to dismiss. Salsbury indicates that (1) the statute of limitations has lapsed on plaintiff's claims against her; (2) because she is not a state employee, she cannot be liable under RLUIPA; and (3) the plaintiff insufficiently pled defendant Salsbury's personal involvement in the State's refusal to recognize plaintiff's religious preference as atheism.

In response to the motion to dismiss, plaintiff concedes that defendant Salsbury is not liable under RLUIPA and is not liable for the State Defendants' refusal to identify plaintiff's religious belief as atheism on his facesheet. Therefore, those claims against Salsbury must be **DISMISSED**. The Court next turns to whether plaintiff's Section 1983 claim against Salsbury was filed within the statute of limitations.

According to the complaint, defendant Salsbury was the director of the first AA program plaintiff was required to attend beginning in July 2006 at MDOC's Western Reception, Diagnostic and Correctional Center in St. Joseph ("WRDCC"). Doc. No. 42,

15

¶¶ 33, 50. Defendant Salsbury was not a state employee at the time. Doc. No. 42, ¶ 44. Plaintiff claims that defendant Salsbury enforced policies requiring him to participate in religious activities, denied his request for substance abuse treatment that does not incorporate the 12-step principles, and signed the document terminating him from the program in August 2006. Doc. No. 42, at ¶¶ 33, 70-72, 86, 88-89.

Defendant Salsbury argues that plaintiff's claims are time-barred under the five-year statute of limitations applicable under Section 1983. Defendant Salsbury indicates that the relevant dates when she is alleged to have taken action against plaintiff all occurred prior to August 29, 2006, when plaintiff was terminated from the substance abuse treatment program for failure to participate. Doc. No. 42, ¶¶ 85-89. Defendant Salsbury indicates that, assuming that the claim accrued at the latest possible date, plaintiff was required to file his Section 1983 claim by August 29, 2011. He filed his initial complaint on January 6, 2012 (Doc. No. 1), and therefore his claim was filed beyond the statute of limitations. For the reasons stated above in relation to State Defendants' motion to dismiss due to the statute of limitations, the claims against Defendant Salsbury must be dismissed as well. Given that Defendant Salsbury had no involvement with plaintiff's claims related to actions taken in 2011 and 2013, plaintiff's claim against her cannot survive this motion to dismiss.

Accordingly, Defendant Salsbury's Motion to Dismiss (Doc. No. 59) is **GRANTED**. All claims against Defendant Salsbury are **DISMISSED WITH PREJUDICE.**

IV. Conclusion

Accordingly, for the foregoing reasons: (1) State Defendants' Motion to Dismiss (Doc. No. 52) is **GRANTED IN PART** as to (a) claims against the State Defendants in

their official capacities for monetary damages, (b) claims against the State Defendants in their individual capacities under RLUIPA; and (c) claims related to actions taken in 2006 which are barred by the statute of limitations; and **DENIED IN PART** in all other relevant aspects; (2) Defendant Vicki Salsbury's Motion to Dismiss (Doc. No. 59) is **GRANTED**; (3) Plaintiff's Motion for Leave to File Surreply to Defendant Salsbury's Motion to Dismiss (Doc. No. 64) is **GRANTED** and the Court will treat the proposed surreply (Doc. No. 64-1) as properly filed; and (4) Motion for Leave to File Supplemental Authority in Opposition to the State's Motion to Dismiss (Doc. No. 66) is **GRANTED** and the Court will treat the supplemental authority (Doc. No. 66-1) as properly filed.

    **IT IS SO ORDERED**.

Date: <u>February 6, 2015</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                         United States District Judge