IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDALL JACKSON, )
    Plaintiff, )
 )
v. ) Case No. 12-4018-CV-C-FJG
 )
LARRY CRAWFORD, et al., )
    Defendants. )

## ORDER

Pending before the Court is Plaintiff's Motion for Class Certification and Supporting Memorandum of Law (Doc. No. 65).

**I.    Background**

Plaintiff filed the pending action on January 6, 2012. On April 9, 2012, the Court dismissed plaintiff's pro se complaint. On appeal, on March 28, 2014, the Eighth Circuit vacated the Court's order dismissing this case, and remanded for further consideration. Counsel entered an appearance on behalf of plaintiff on June 27, 2014. On August 15, 2014, plaintiff filed his First Amended Class Action Complaint (Doc. No. 42).

In his First Amended Class Action Complaint (Doc. No. 42), plaintiff alleges that he is an atheist inmate held at the Missouri Department of Corrections ("MDOC") from 2006 to 2008, and again from 2011 to the present date. (Doc. No. 42 at ¶¶ 26, 38, 50, 93, 105). Plaintiff was required to participate in substance abuse treatment programs provided by MDOC under the terms of his sentences for his convictions for driving while intoxicated. (Doc. No. 42 at ¶¶ 41, 42, 96, 97). In particular, these programs at the MDOC include Alcoholics Anonymous ("AA"), which requires its participants to recognize and rely upon a "Higher Power" to remedy their problems with alcohol. (Doc. No. 42 at ¶¶ 52-68, 151). Plaintiff objects to participating in these programs, as they are

incompatible with his atheist beliefs. (Doc. No. 42 at ¶¶ 73-74, 107, 150). Plaintiff has also sought to list his religion as atheism on the facesheet to his prison file, but MDOC has denied this request, responding that atheism is a philosophy, not a religion. (Doc. No. 42 at ¶¶ 48, 129-130).

Plaintiff makes claims on behalf of himself and a putative class under both (1) 42 U.S.C. § 1983, through the First and Fourteenth Amendments to the United States Constitution; and (2) the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. For both, plaintiff claims that his and the putative class members' rights were violated by (1) not being allowed to declare atheism as their religion on their inmate facesheets; and (2) being forced to participate in substance abuse treatment programs that are based on a belief in a deity.

Plaintiff now moves for an order certifying a class and a subclass under Fed. R. Civ. P. 23(b)(2). The proposed class is "all prisoners under the current or future control of the Missouri Department of Corrections who do not believe in a god." The proposed subclass is "all prisoners under the current or future control of the Missouri Department of Corrections who do not believe in a god who are eligible for substance abuse treatment programs." Doc. No. 65, p. 7.

**II.    Standard**

According to Rule 23(a) of the Federal Rules of Civil Procedure, one or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

2

Plaintiffs must also demonstrate they fall within one of the types of classes defined in Rule 23(b).

"Plaintiffs bear the burden of demonstrating by a preponderance of the evidence—that a proposed class meets the requirements for class certification." Fogarazzo v. Lehman Bros., 263 F.R.D. 90, 98 (S.D. N.Y. 2009) (Scheindlin, J.). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) (emphasis in original). "[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, . . . [t]he necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of litigation." Id. at 2552 (internal citations omitted). "Though class certification is not the time to address the merits of the parties' claims and defenses, the 'rigorous analysis' under Rule 23 must involve consideration of what the parties must prove." Elizabeth M. v. Montenez, 458 F.3d 779, 786 (8th Cir. 2006). It may be necessary for the Court to "'probe behind the pleadings before coming to rest on the certification question.'" Dukes, 131 S.Ct. at 2551 (internal citations omitted).

### III. Plaintiff's Motion for Class Certification (Doc. No. 65)

Plaintiff seeks to certify both a class and a subclass. The proposed class is "all prisoners under the current or future control of the Missouri Department of Corrections who do not believe in a god." The proposed subclass is "all prisoners under the current or future control of the Missouri Department of Corrections who do not believe in a god who are eligible for substance abuse treatment programs." Doc. No. 65, p. 7.

Defendants challenge plaintiff's motion for class certification on two bases: failure to demonstrate numerosity and failure to demonstrate the adequacy of plaintiff as a class representative. The Court finds defendants' challenge to numerosity to be dispositive.

The "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission, 446 U.S. 318, 330 (1980). "In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." Paxton v. Union Nat. Bank, 688 F.2d 552, 559-60 (8th Cir. 1982). The Eighth Circuit has not established any "arbitrary rules regarding the necessary size of classes." Id. at 559. Conclusory or speculative allegations regarding the size of a class are insufficient to satisfy the numerosity requirement under the rules. See Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 210 F.R.D. 212, 218 (N.D. Ill. 2001)(citations omitted). See also Evans v. Contract Callers, Inc., No. 4:10CV2358 FRB, 2012 WL 234653, * 3 at fn.2 (E.D. Mo. Jan. 25, 2012) (finding that unsupported statements, based on information and belief, that others experienced the same or similar conductions, could not support conditional certification of a collective action under the Fair Labor Standards Act).

Plaintiff bases his assertion that the numerosity requirement is met purely on statistics. Plaintiff indicates that (1) Missouri prisons contain approximately 30,000 prisoners, according to the U.S. Department of Justice, Bureau of justice Statistics; (2) according to a 2012 Pew Research poll, persons who self-identify as atheists and agnostics represent approximately 5.7% of the U.S. population; and (3) therefore, plaintiff estimates that approximately 1,710 inmates may be atheist or agnostic, and

4

even if only 1% of the prison population was atheist/agnostic, that would still be approximately 300 individuals. Plaintiff makes no attempt to identify how many people would be part of the subclass of those who were eligible to participate in substance abuse treatment programs.

In response, defendants argue that plaintiff admits he does not know how many atheists are in custody. Defendants further suggest that there are no other complaining offenders similarly situated, and that plaintiff has not proven that the class is so numerous that joinder of all members is impracticable. Defendants further suggest that if the Court does not find that class certification should be rejected outright, the Court should hold an evidentiary hearing to determine whether sufficient offender numbers justify class certification by a preponderance of the evidence.

The Court finds, after considering the arguments raised by the parties, that plaintiff has not met his burden to demonstrate numerosity. The statistical arguments raised by plaintiff do not have any direct connection to the underlying facts of the case. The Court has not located any case law where such thin statistical analysis has been used to support numerosity; instead, the parties tend to either have a reasonable estimate (or actual numbers), or it is clear from the context of the action that the potential class consists of a large number of people. Here, it is unclear whether (1) the Pew research poll cited by plaintiff is reliable and (2) the number of prisoners who are atheist/agnostic correlates with a poll of persons who are presumably not in prison. Plaintiff further has not provided any estimate of the number of persons who could be members of the proposed subclass. The Court finds an evidentiary hearing to be unnecessary at this time, as plaintiff has not provided any factual support at all for his estimate of the size of the class.

Therefore, the Court will **DENY** plaintiff's motion for class certification (Doc. No. 65). If plaintiff is able to develop evidence during discovery that supports numerosity, however, the Court may reconsider its position on this issue.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Class Certification (Doc. No. 65) is **DENIED**.

**IT IS SO ORDERED**.


Date: <u>May 8, 2015</u>   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
United States District Judge