IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDALL JACKSON, )
    Plaintiff, )
)
v. ) Case No. 12-4018-CV-C-FJG
)
LARRY CRAWFORD, et al., )
    Defendants. )

## ORDER

Pending before the Court is Defendants Gateway Foundation, Inc. and Duane Cummins' Motion to Dismiss (Doc. No. 85).

## I.    Background

Plaintiff filed the pending action on January 6, 2012. On April 9, 2012, the Court dismissed plaintiff's pro se complaint. On appeal, on March 28, 2014, the Eighth Circuit vacated the Court's order dismissing this case, and remanded for further consideration. Counsel entered an appearance on behalf of plaintiff on June 27, 2014. On August 15, 2014, plaintiff filed his First Amended Class Action Complaint (Doc. No. 42).

In his First Amended Class Action Complaint (Doc. No. 42), plaintiff alleges that he is an atheist inmate held at the Missouri Department of Corrections ("MDOC") from 2006 to 2008, and again from 2011 to the present date. (Doc. No. 42 at ¶¶ 26, 38, 50, 93, 105). Plaintiff was required to participate in substance abuse treatment programs provided by MDOC under the terms of his sentences for his convictions for driving while intoxicated. (Doc. No. 42 at ¶¶ 41, 42, 96, 97). In particular, these programs at the MDOC include Alcoholics Anonymous ("AA"), which requires its participants to recognize and rely upon a "Higher Power" to remedy their problems with alcohol. (Doc. No. 42 at ¶¶ 52-68, 151). Plaintiff objects to participating in these programs, as they are incompatible with his atheist beliefs. (Doc. No. 42 at ¶¶ 73-74, 107, 150). Plaintiff has also sought to list his religion as atheism on the facesheet to his prison file, but MDOC

has denied this request, responding that atheism is a philosophy, not a religion. (Doc. No. 42 at ¶¶ 48, 129-130).

Plaintiff makes claims on behalf of himself and a putative class under both (1) 42 U.S.C. § 1983, through the First and Fourteenth Amendments to the United States Constitution; and (2) the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. For both, plaintiff claims that his and the putative class members' rights were violated by (1) not being allowed to declare atheism as their religion on their inmate facesheets; and (2) being forced to participate in substance abuse treatment programs that are based on a belief in a deity.

Defendants named in the First Amended Complaint are (1) Douglas A. Worsham, the Supervisor of Religious/Spiritual Programming within the Division of Human Services for the MDOC; (2) Larry Crawford, the Director of the MDOC when plaintiff was incarcerated at MDOC's Western Reception, Diagnostic, and Correctional Center ("WRDCC") in St. Joseph, Missouri; (3) Martha V. Nolin, the Assistant Division Director, Substance Abuse Services in the Division of Offender Rehabilitative Services; (4) Alan Earls, Deputy Director of the Division of Adult Institutions; (5) Cyndi Prudden, Deputy Director, Division of Adult Institutions; (6) Vicki Salsbury, Director of the Drug Rehabilitation Program at MDOC's WRDCC in St. Joseph, Missouri; (7) Isaac "Sonny" Collins, Warden at Maryville Treatment Center; (8) Gateway Foundation, Inc., also known as Gateway Foundations Correction, an Illinois corporation that has contracted with MDOC to design and operate MDOC's drug and alcohol rehabilitation programs; and (9) Dwayne Cummins, Gateway Foundation Corrections' Program Director at MDOC's Ozark Correctional Center ("OCC"). All except for Vicki Salsbury, Gateway Foundation, Inc., and Dwayne Cummins (who do not appear to be state employees or entities) are sued in their individual and official capacities.

On February 6, 2015, the Court granted in part and denied in part various motions to dismiss filed by state defendants and Vicki Salsbury. All claims against Salsbury were dismissed; notably, plaintiff conceded to the dismissal of all RLUIPA

2

claims against Salsbury.  On May 8, 2015, the Court entered an order denying plaintiff's motion for class certification.

On March 13, 2015, defendants Gateway Foundation, Inc. ("Gateway") and Duane Cummins ("Cummins") filed their motion to dismiss.  Gateway and Cummins argue that the RLUIPA claims against them must be dismissed for the same reasons they were dismissed as to defendant Salsbury.

## II.     Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

## III.    Motion to Dismiss (Doc. No. 85)

Defendants Gateway and Cummins move to dismiss the RLUIPA claims pled against them.  As an initial matter, although these defendants argue that they should be dismissed for the same reasons that the claims against defendant Salsbury were dismissed, plaintiff conceded to the dismissal of the RLUIPA claims against defendant Salsbury.  The Court did not examine the factual or legal basis for that dismissal;

3

instead, the Court simply allowed the dismissal of those claims pursuant to the concession of plaintiff..

Additionally, the Court notes (as does plaintiff) that Gateway and Cummins do not move to dismiss any Section 1983 claims against them, nor do they move to dismiss RLUIPA claims for injunctive or declaratory relief (see Doc. No. 90, p. 7). Instead, the cases cited by defendants Gateway and Cummins all relate to claims for damages under the RLUIPA. Accordingly, the Court will not dismiss any claims under Section 1983 or for injunctive and/or declaratory relief under the RLUIPA.

The Court now turns to plaintiff's claims for damages under RLUIPA. The RLUIPA restricts "government" from "imposing a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1. RLUIPA further defines "government" to include: "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of any entity listed in clause (i); and (iii) any other person acting under color of State law." 42 U.S.C. § 2000cc-5(4)(A). Here, given that the Missouri Department of Corrections is required by statute to provide drug and alcohol treatment programs to eligible prisoners (see RSMo §§ 217.362 and 317.364), and Missouri has contracted with Gateway Foundation, Inc. to provide such programs, the Court finds that plaintiff has sufficiently alleged for purposes of this motion to dismiss that Gateway and Cummins are "state" or "government" actors under the RLUIPA.

Furthermore, the cases cited by defendants indicating that RLUIPA does not permit suits against persons in their individual capacities all involve cases where courts were considering whether sovereign immunity applied to claims against state workers, and whether the RLUIPA provides for damages actions against state officials in their individual capacities. See, e.g., Nelson v. Miller, 570 F.3d 868, 885, 889 (7th Cir. 2009). However, defendants Gateway and Cummins are private contractors and are not entitled to sovereign immunity. See Richardson v. McKnight, 521 U.S. 399, 404-12

4

(1997).  Finally, defendants Gateway and Cummins claim that because they did not receive federal funds, RLUIPA does not apply to them.  Defendants, however, have provided no factual support for their statement that they did not receive federal funds, and such an argument would be more appropriately raised on summary judgment.

Therefore, for the foregoing reasons, defendants' motion to dismiss (Doc. No. 85) is **DENIED.**

    **IV.**    **Conclusion**

Therefore, for the foregoing reasons, defendants' motion to dismiss (Doc. No. 85) is **DENIED.**

    **IT IS SO ORDERED**.

Date:  June 23, 2015                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                      United States District Judge