IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RANDALL JACKSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-4018-CV-C-FJG |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court are (1) Plaintiff's Second Motion for Class Certification and Supporting Memorandum of Law (Doc. No. 155) and (2) Plaintiff's Motion to Exceed Page Limits (Doc. No. 165). As an initial matter, plaintiff's motion to file an overlength reply (Doc. No. 165) will be **GRANTED**, and the Court treats that brief (Doc. No. 166) as properly filed.

**I. Background**

Plaintiff filed the pending action on January 6, 2012. On April 9, 2012, the Court dismissed plaintiff's pro se complaint. On appeal, on March 28, 2014, the Eighth Circuit vacated the Court's order dismissing this case, and remanded for further consideration. Counsel entered an appearance on behalf of plaintiff on June 27, 2014. On August 15, 2014, plaintiff filed his First Amended Class Action Complaint (Doc. No. 42), alleging that defendants violated his rights as an atheist by requiring him to participate in substance abuse treatment programs at the MDOC such as Alcoholics Anonymous ("AA"), which requires its participants to recognize and rely upon a "Higher Power" to remedy their problems with alcohol. Plaintiff has also sought to list his religion as atheism on the facesheet to his prison file, but MDOC has denied this request, responding that atheism is a philosophy, not a religion. Plaintiff makes claims on behalf

of himself and a putative class under both (1) 42 U.S.C. § 1983, through the First and Fourteenth Amendments to the United States Constitution; and (2) the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. For both, plaintiff claims that his and the putative class members' rights were violated by (1) not being allowed to declare atheism as their religion on their inmate facesheets; and (2) being forced to participate in substance abuse treatment programs that are based on a belief in a deity. On February 6, 2015, the Court entered an Order granting the state defendants' motion to dismiss as to (a) claims against the state defendants in their official capacities for monetary damages, (b) claims against the state defendants in their individual capacities under RLUIPA, and (c) claims related to actions taken in 2006 as barred by the statute of limitations. See Order, Doc. No. 83. In the same Order, the Court dismissed all claims against defendant Salsbury. Id. On May 8, 2015, the Court entered an Order denying plaintiff's motion for class certification; however, the Court indicated that if the plaintiff was able to develop evidence during discovery supporting numerosity, the Court may reconsider its position on that issue. See Order. Doc. No. 96. On June 23, 2015, the Court denied Gateway and Cummins' motion to dismiss. See Order, Doc. No. 106.

Plaintiff was released from prison in December 2014. On September 26, 2016, the Court entered an Order (Doc. No. 153) denying plaintiff's motion for partial summary judgment because, among other things, his claims for declaratory and injunctive relief were moot due to his release from prison. See Order, Doc. No. 153, pp. 17-20. The Court granted summary judgment to defendants on all claims for declaratory and injunctive relief. The Court noted specifically at page 20 of the Order that plaintiff would not be an appropriate class representative as for claims for declaratory and injunctive

2

Case 2:12-cv-04018-NKL   Document 167   Filed 01/30/17   Page 2 of 7

relief because he is no longer a member of the proposed class. The Court also granted defendants' motions for summary judgment as to claims based on the face sheet/intake form, as well as plaintiff's claims as to individual damages under RLUIPA. Plaintiff's remaining claims relate to his individual treatment by the MDOC and Gateway defendants in attempting to access secular treatment programs and materials.

On October 3, 2016, plaintiff filed his second motion for class certification. Plaintiff seeks to certify the following classes under Fed. R. Civ. P. 23(b)(2):

> All prisoners who are eligible or ordered to receive substance abuse treatment in one of MDOC's substance abuse treatment programs and who would object to the faith-based requirements of those programs, if MDOC made clear the availability of a genuinely secular, non-faith-based program, and the prisoners could trust MDOC not to prolong their custody because they objected to the religious components or selected a secular path

and

> All prisoners in MDOC's custody who do not believe in a god.

Doc. No. 153, p. 10. Notably, plaintiff seeks only declaratory and injunctive relief as to these proposed classes.

## II. Standard

According to Rule 23(a) of the Federal Rules of Civil Procedure, one or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Plaintiffs must also demonstrate they fall within one of the types of classes defined in Rule 23(b).

3

"Plaintiffs bear the burden of demonstrating by a preponderance of the evidence—that a proposed class meets the requirements for class certification." Fogarazzo v. Lehman Bros., 263 F.R.D. 90, 98 (S.D. N.Y. 2009) (Scheindlin, J.). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) (emphasis in original). "[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, . . . [t]he necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of litigation." Id. at 2552 (internal citations omitted). "Though class certification is not the time to address the merits of the parties' claims and defenses, the 'rigorous analysis' under Rule 23 must involve consideration of what the parties must prove." Elizabeth M. v. Montenez, 458 F.3d 779, 786 (8th Cir. 2006). It may be necessary for the Court to "'probe behind the pleadings before coming to rest on the certification question.'" Dukes, 131 S.Ct. at 2551 (internal citations omitted).

### III. Plaintiff's Motion for Class Certification (Doc. No. 155)

As discussed previously, Plaintiff seeks to certify the following classes under Fed. R. Civ. P. 23(b)(2):

> All prisoners who are eligible or ordered to receive substance abuse treatment in one of MDOC's substance abuse treatment programs and who would object to the faith-based requirements of those programs, if MDOC made clear the availability of a genuinely secular, non-faith-based program, and the prisoners could trust MDOC not to prolong their custody because they objected to the religious components or selected a secular path

and

All prisoners in MDOC's custody who do not believe in a god.[1]

Doc. No. 153, p. 10. The defendants challenge plaintiff's motion for class certification because (1) Plaintiff does not personally possess the substantive rights of the class he seeks to create; and (2) Plaintiff has failed to demonstrate he meets the elements of Rule 23.

The Court finds defendants' arguments persuasive. First, the Court finds reconsideration unwarranted as to the mootness of plaintiff's claims. As noted by the State Defendants, "the Rules Enabling Act [28 U.S.C. § 2072(b)] forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,'" Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2561 (2011); see also Ortiz v. Fibreboard Corp., 527 U.S. 815, 845 (U.S. 1999). The Court reiterates its previous finding (Doc. No. 153) that the injunctive and declaratory relief sought by plaintiff is moot, and the Court will not allow the Rule 23 class certification device to give new life to plaintiff's claims.

---

[1] In his reply suggestions, plaintiff asserts yet another potential class definition:

All persons who have or will directly experience any of the following at the hands of MDOC or any of its agents in a substance abuse treatment prison: being ordered to carry the AA Big Book; being ordered to chant praises to a "Higher Power;" being ordered to attend classes where the 12-Step approach to substance abuse is taught as the only or best method to address substance abuse; or being subject to the requirement to attend self-help or support meetings, without the option of attending a non-12-Step, non-faith based meetings [sic] to qualify for early release.

Doc. No. 166 p. 8. In reply, for the first time, plaintiff argues that this new class definition could include Christians or others who believe in first amendment rights of others. Plaintiff does not offer case law supporting this expanded view of who suffers injury sufficient to have standing under Article III of the Constitution, and the Court is not inclined to adopt plaintiff's position in this case, where plaintiff's claims for injunctive and declaratory relief are moot.

5

In addition, plaintiff cannot meet the elements of Rule 23. Defendants argue that plaintiff has not demonstrated numerosity because (1) he has not identified any other atheists who were harmed in some way by the MDOC due to the MDOC's policies; and (2) plaintiff continues to rely on speculative and conclusory allegations regarding the size of the class. The Court agrees that plaintiff has failed to demonstrate numerosity for the same reasons as the Court stated in its initial order denying class certification (Doc. No. 96).

Defendants also argue that plaintiff has failed to show that any other inmates suffered the same injury as he. "Commonality requires the [movant] to demonstrate that the class members have suffered the same injury." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks omitted). Here, defendants argue that plaintiff's proposed definition for his first class ("All prisoners who are eligible or ordered to receive substance abuse treatment in one of MDOC's substance abuse treatment programs and who would object to the faith-based requirements of those programs, if MDOC made clear the availability of a genuinely secular, non-faith-based program, and the prisoners could trust MDOC not to prolong their custody because they objected to the religious components or selected a secular path") is so speculative and contains so many dissimilarities that it would be impossible to generate common answers on behalf of a class. Defendants further note that there is no evidence in the record of any other inmate suffering the same injuries complained of by plaintiff. For these reasons, the Court finds that commonality has not been met.

Similarly, with respect to typicality, defendants argue that plaintiff has failed to show "that there are other members of the class who have the same or similar grievances as the plaintiff." Paxton v. Union Nat'l Bank, 688 F.2d 552, 562 (8th Cir.

6

1982)(quotation marks omitted). The record reveals no other potential claimants who have made the same or similar claims regarding the MDOC or Gateway Defendants, and thus there is no showing of typicality.

With respect to the adequacy requirement, plaintiff must demonstrate he "will adequately represent the class." Rattray v. Woodbury County, IA, 614 F.3d 831, 835 (8th Cir. 2010). Plaintiff must demonstrate that he has interests in common with members of the proposed class, and that he will, through qualified counsel, vigorously prosecute the interests of the proposed class. Paxton, 688 F.2d at 562-563. Although defendants concede plaintiff has qualified counsel, defendants note that plaintiff is not an adequate representative of the class he seeks to represent as his claims for injunctive and declaratory relief are moot as he is no longer a prisoner.

As for the Rule 23(b)(2) factors, defendants argue that plaintiff's injunctive relief claims are both highly individualized and moot. The Court agrees with defendants on this point as well.

## IV. Conclusion

For the foregoing reasons, (1) Plaintiff's Second Motion for Class Certification and Supporting Memorandum of Law (Doc. No. 155) is **DENIED**; and (2) Plaintiff's Motion to Exceed Page Limits (Doc. No. 165) is **GRANTED**.

**IT IS SO ORDERED**.


Date: <u>January 30, 2017</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                          United States District Judge